## GEO. SIMPSON *v.* COMMONWEALTH.

**Homicide—Instruction—Malice.**

> An instruction as to malice in a prosecution for homicide was held not prejudicial where defendant was convicted of manslaughter in which the element of malice was not involved.

**Homicide—Defense of Another.**

> Where accused, who knew nothing of the circumstances under which his father became involved in a difficulty with persons attempting to execute the law, acted without inquiry upon appearances, he cannot be said to have had reasonable cause to believe that his father could then have lawfully slain his antagonist and consequently could not have been in a position to do so himself in lawful defense of his father.

APPEAL FROM MERCER CIRCUIT COURT.

June 26, 1873.

OPINION BY JUDGE LINDSAY:

It is not material upon this appeal to criticise Instruction No. 3, given for the commonwealth. The accused was not convicted of murder. The jury rejected the idea of the existence of malice at all, and determined that the shooting was done under sudden heat and passion. Such being the case, the accused could not have been prejudiced, by the court's definition of the term "malice," nor by its statement of the presumption supposed to arise from the deliberate use of a deadly weapon in the previous possession of the person using it.

The essential inquiries are as to whether the jury was correctly instructed as to the law of manslaughter and self-defense.

It is not complained that the fifth instruction does not correctly state the law of manslaughter.

The concluding portion of instruction No. 4 is not only a correct but a very clear statement of the laws of self-defense in such a case as this.

Instruction No. 6 is not objectionable. It is certainly the law that persons engaged in the suppression of an affray are entitled to the highest protection of the law, and if the father of the accused interferes with persons so engaged, and provokes a difficulty with them, his apparent danger could not reduce the killing of one of them lower than manslaughter.

The son occupied no more favorable ground than the father, and although it may be true that he was not aware of the fact that his father was the aggressor, yet if he chose to act upon appearances without making inquiry he must be held to have acted at his own peril. The rule in such a case seems to be that whatever the father may lawfully do in his own self-defense, the son may do for him. Now, if the elder Simpson interfered with persons engaged in the suppression of an affray, and wrongfully provoked a difficulty with them, he certainly could not stand and take the life of either of them and escape punishment upon the ground of self-defense. It follows that the son cannot innocently do for him, that which would have been a crime upon his part.

Before one can take the life of another he must have reasonable cause to believe that there exists a state of facts, which in law will excuse the act. If the accused, knowing nothing of the circumstances under which his father became embroiled in the difficulty with persons attempting to execute the law, acted without inquiry upon ap-

pearances at the time, he cannot be said to have had reasonable cause to believe that his father could then have lawfully slain his antagonist. He had no reasonable ground upon which to form a belief upon the subject and as he chose to act without inquiry, he must suffer the consequences of his own rash and inexcusable conduct.

The son may defend the father when a known felony is about to be committed upon the person of the latter, and if necessary take the life of the assailant, but if the father is the person about to commit the felony and his adversary is acting in his own self-defense, the son cannot, because he does not understand the facts of the case, interfere as the champion of the father, and innocently slay one whom the father could not kill without the commission of a felony.

Section 1019, Bishop Crim. Law, Vol. 2, Sec. 581.

Instruction No. 2 asked by appellant ignores the fact that it was necessary that the son should have reasonable grounds to believe that the father would have been excusable for killing Hines, and was therefore properly refused. Instruction No. 4 is objectionable for the same reason. The giving of instruction No. 6 for appellant obviated the necessity for either No. 5 or 8. The instruction given is couched in simple and more intelligible language than either of those refused.

The record does not show what the statements made by the elder Simpson after the killing and not in the presence of the accused were, hence we cannot determine whether or not he was prejudiced by reason of such statements being allowed to go to the jury.

We perceive no available error in the proceedings in the circuit court. Its judgment must therefore be *affirmed*.

*Thompson, for appellant.*

*Kyle & Poster, for appellee.*